An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LN MANAGEMENT LLC SERIES 7923
CANOE,
Appellant,
vs.
BANK OF NEW YORK MELLON,
Respondent.

No. 65397

**FILED**

MAY 2 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER VACATING, REVERSING AND REMANDING

This is an appeal from a district court order, certified as final under NRCP 54(b), denying a preliminary injunction and granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

The district court denied appellant's motion for a preliminary injunction and granted respondent's motion to dismiss, finding that appellant had failed to state a viable claim for relief because NRS 116.3116(2)'s superpriority provision "does not operate to eliminate or extinguish a first mortgage or deed of trust upon the completion of an HOA foreclosure sale on a delinquent assessment lien." In *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. Adv. Op. No. 75, 334 P.3d 408 (2014), this court decided that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. Thus, the district court's decision was based on an erroneous

SUPREME COURT
OF
NEVADA

(O) 1947A

15-15512

interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

VACATE the portion of the order denying preliminary injunctive relief, REVERSE the portion of the order granting the motion to dismiss, AND REMAND this matter to the district court for further proceedings consistent with this order.[1]

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Jessie Elizabeth Walsh, District Judge
      Kerry P. Faughnan
      Wright, Finlay & Zak, LLP/Las Vegas
      Eighth District Court Clerk

_____

[1]The injunction imposed by our June 11, 2014, order is vacated.